WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maribel Vargas,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-04712-PHX-MTL<br><br>**ORDER** |

The matter before the Court is Plaintiff Maribel Vargas's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act ("EAJA"). (Doc. 23.) For the following reasons, the Court grants Plaintiff's Motion and awards $7,416.92 in attorney's fees.

**I.     BACKGROUND**

On December 6, 2019, the Court reversed the January 12, 2018 decision of the Administrative Law Judge ("ALJ") and remanded the matter for further consideration of Plaintiff's Application for Disability Insurance Benefits. (Doc. 21.) Judgment was entered on that same day. (Doc. 22.) On March 4, 2020, Plaintiff filed a Motion for Award of Attorney Fees pursuant to the EAJA and Memorandum in support thereof. (Docs. 23, 24.) Plaintiff's counsel seeks attorney's fees in the amount of $7,416.92.[1] Defendant Commissioner of Social Security Administration (the "Commissioner") opposes the

---

[1] Plaintiff's motion initially sought $6,903.79 in attorney's fees. (Doc. 23 at 2.) Plaintiff amended the amount sought to $7,416.92 in the reply in support of the motion based on additional hours spent to complete the pending briefing. (Doc. 26 at 8.)

granting of fees, and, should the Court grant Plaintiff's motion, the amount requested. (Doc. 25.)

## II.     LEGAL STANDARD

In any action brought by or against the United States, except one sounding in tort, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). For purposes of the EAJA, the position of the United States refers to "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013). Under the EAJA, a court "shall" grant attorney's fees "to a prevailing plaintiff unless the government meets its burden to demonstrate that both its litigation position and the agency decision on review were substantially justified." *Campbell v. Astrue,* 736 F.3d 867, 868 (9th Cir. 2013) (internal quotation marks and citations omitted).

To meet the substantial justification standard, the government's position must have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal quotation marks omitted). In determining whether the government's position was substantially justified, a court may "properly look to decisions of the ALJ." *Meier,* 727 F.3d at 872.[2] Furthermore, the nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995). A decision to defend an ALJ's fundamental procedural errors cannot be said to be substantially justified. *See Shafer v. Astrue,* 518 F.3d 1067, 1071-72 (9th Cir. 2008). Lastly, "[i]t is the government's burden to show that its

---

[2] The Ninth Circuit reasoned that examining the government's conduct as adjudicator is proper because the typical complaint in a social security case often "alleges procedural and substantive errors by the ALJ." *Meier,* 727 F.3d at 870. Moreover, the ALJ's decision usually serves as the final decision on a determination of disability benefits and therefore "constitutes not only an adjudication but also the Commissioner's final decision denying benefits." *Id.* at 871.

position was substantially justified." *Meier,* 727 F.3d. at 870.

## III. ANALYSIS

Plaintiff Maribel Vargas is a prevailing party for purposes of the EAJA because she obtained an order from the Court remanding the case to the Commissioner. *See Shalala v. Schaefer,* 509 U.S. 292, 300-01 (1993).

The underlying agency action in the present matter, the ALJ decision, was not substantially justified. The Court based its remand order upon numerous deficiencies in the ALJ's decision. Thus, for EAJA purposes, the ALJ decision serves as the issue upon which the Court ordered the remand. The Court remanded the case partly because the ALJ's proffered reasons for rejecting Plaintiff's symptom testimony failed to meet the requisite legal standards. (Doc. 21.) The ALJ's description of Plaintiff's testimony as "inconsistent" with the medical record was more properly characterized by the Court as a "*lack* of medical evidence." (*Id.* at 5) (emphasis in original). The Court explained that although this finding was supported by substantial evidence, it was not a clear and convincing reason for rejecting Plaintiff's symptom testimony. (*Id.* at 7.) Similarly, the Court concluded that the ALJ's determination that Plaintiff's conservative treatment plan precluded the introduction of her testimony was unsupported by substantial evidence. (*Id.* at 8.) These errors are fundamental. *See Shafer* 518 F.3d at 1072 (explaining that a failure to provide clear and convincing reasons amounts to fundamental procedural error). The ALJ also erred in the residual functioning capacity ("RFC") determination by resorting to boilerplate language. (*Id.* at 9.) The Court also could not identify how the ALJ arrived at the conclusion that Plaintiff could perform limited sedentary work. (*Id.* at 10.)

The Court finds Defendant's arguments to be unpersuasive. The Commissioner defends the ALJ's decision by relitigating an issue which the Court has already decided— namely, that the ALJ's decision contains fundamental legal error. The ALJ repeatedly failed to base conclusions on the requisite legal standards. As a result, the underlying agency action, and, in turn, the position of the United States, was not substantially justified. *See Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir. 1996) (quoting *Flores,* 49 F.3d at 570)

("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.").

A finding that an underlying agency action lacks substantial justification eliminates the need to inquire into whether the government's litigation position (i.e., the decision to defend the ALJ determination) was substantially justified. To meet its burden, "the government must establish that it was substantially justified on the whole, considering, first, the underlying conduct of the ALJ[.]" *Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001). Here, the Commissioner failed to meet its burden to show that the ALJ's decision was substantially justified. Therefore, the Court need not reach the issue of the government's litigation position. *See e.g., Meier,* 727 F.3d at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."); *Shafer,* 518 F.3d at 1071 (stating that the "government's position must be substantially justified at each stage of the proceedings") (internal citations omitted).

### IV. CONCLUSION

The Commissioner has failed to show that the underlying agency action was substantially justified or that any special circumstances would make an award unjust. Consequently, the Court finds that a fee award under the EAJA is proper. Plaintiff, through counsel, seeks $7,416.92 in attorney's fees. (Doc. 26.) The Court has reviewed the Attorney Itemization of Services attached to Plaintiff's motion (Doc. 24-2) and finds that the time expended and amounts charged are reasonable for this case. Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Award of Attorney Fees as Authorized by the EAJA (Doc. 23).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $7,416.92 in attorney's fees.

**IT IS FINALLY ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees

to waive the requirements of the Anti–Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Dated this 8th day of June, 2020.

Michael T. Liburdi
United States District Judge